James I. WINDLE and Jacqueline Windle, Plaintiffs below, Appellants,

v.

CLARK EQUIPMENT COMPANY, Defendant below, Appellee.

Supreme Court of Delaware.

Submitted March 22, 1977.

Decided April 11, 1977.

Morton Richard Kimmel and Paul H. Spiller of Kimmel & Spiller, P. A., Wilmington, for plaintiffs-appellants.

Roger Sanders of Prickett, Ward, Burt & Sanders, Wilmington, for defendant-appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

PER CURIAM:

In this personal injury action, plaintiff alleged several theories of liability, including failure to warn of defects in the forklift, failure to repair the brakes and breach of warranty; but the case went to trial only on the issue of strict liability. By tacit if not express agreement between the Court and counsel, the case was submitted under the principles of law enunciated in the *Restatement, Torts, 2d* § 402A.* At the conclusion of plaintiffs' case, the Court directed a verdict for defendant and against plaintiffs on the ground that there was "insufficient proof of a defect which would present an unreasonably dangerous product to the marketplace." See § 402A(1).

Whether § 402A and all of its elements are appropriate for Delaware has been deliberately left open recently by this Court, see *Martin v. Ryder Truck Rental, Inc.*, 353 A.2d 581, 582 (f.n. 2), 588–589 (1976); and we do not reach that question for purposes of deciding this appeal.

Assuming, for present purposes only, that § 402A is the standard by which plaintiffs' claim to relief is governed (and no other is argued to us), we agree with the conclusion of the Trial Judge that plaintiffs did not establish that the forklift was "unreasonably dangerous to the user."

Affirmed.

* The *Restatement, Torts, 2d* states:

"§ 402A. Special Liability of Seller of Product for Physical Harm to User or Consumer (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."